

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

Ray Mateo
Assistant United States Attorney

402 East State Street, Room 430
Trenton, New Jersey 08608

March 12, 2021

BRIAN P. REILLY, ESQ.
FEDERAL DEFENDERS OFFICE
22 SOUTH CLINTON AVE., STATION PLAZA #4
TRENTON, NEW JERSEY 08609

Re:   Plea Agreement with Eduardo Silva

21-CR-00449-001 (RmB)

Dear Mr. Reilly:

This letter sets forth the plea agreement between your client, Eduardo Silva, and the United States Attorney for the District of New Jersey ("this Office") and supersedes all previous offers. This offer will expire on **March 19, 2021** if it is not accepted in writing by that date.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Eduardo Silva to a two-count Information, which charges him with one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); and one count of travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). If Eduardo Silva enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Eduardo Silva for the events set forth in the criminal complaint, Mag. No. 20-14034 (ZNQ). However, this plea agreement does not prevent this Office from instituting additional charges against Eduardo Silva for offenses involving other events or victims unknown to the Government as of the date of this agreement, and cannot bind other federal, state, or local authorities. In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Eduardo Silva agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this

1

agreement is signed by Eduardo Silva may be commenced against him, notwithstanding the expiration of the limitations period after Eduardo Silva signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2422(b) to which Eduardo Silva agrees to plead guilty in Count One carries a statutory mandatory minimum prison sentence of 10 years, a statutory maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 2423(b) to which Eduardo Silva agrees to plead guilty in Count Two carries a statutory maximum prison sentence of 30 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentences on Count One and Count Two may be imposed consecutive to each other.

The sentence to be imposed upon Eduardo Silva is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Eduardo Silva ultimately will receive.

Further, in addition to imposing any other penalty on Eduardo Silva, the sentencing judge: (1) will order Eduardo Silva to pay assessments of $100 on each count pursuant to 18 U.S.C. § 3013, which assessments must be paid by the date of sentencing; (2) must order Eduardo Silva to pay restitution, pursuant to 18 U.S.C. § 2429; (3) must order forfeiture, pursuant to 18 U.S.C. § 2428; and (4) pursuant to 18 U.S.C. § 3583(k) must require Eduardo Silva to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release on each count, which will begin at the expiration of any term of imprisonment imposed.

2

Should Eduardo Silva while on supervised release violate any of the conditions of supervised release before the expiration of its term, Eduardo Silva may be sentenced to not more than 5 years' imprisonment on each count, which terms may be imposed consecutive to each other, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Eduardo Silva while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, Eduardo Silva must be sentenced to at least 5 years' imprisonment and up to a maximum term of life on each count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post release supervision, and may be sentenced to an additional term of supervised release.

Lastly, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the sentencing judge finds Eduardo Silva to be indigent, an additional mandatory special assessment of $5,000 per count must also be imposed.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Eduardo Silva by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Eduardo Silva's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Eduardo Silva agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves

3

the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Eduardo Silva from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Eduardo Silva waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Eduardo Silva agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2428, to forfeit to the United States (1) all of his right, title, and interest in all property, real and personal, used or intended to be used to commit or to facilitate the commission of the offenses charged in the Information; and (2) all property, real and personal, constituting or derived from any proceeds that Eduardo Silva obtained, directly or indirectly, as a result of the commission of the offenses charged in the Information.

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. §§ 2428 and 2253, Eduardo Silva agrees to forfeit to the United States all of his right, title and interest in the specific property listed in Schedule B, which was seized on or about September 23, 2020 (collectively, the "Specific Property"). Eduardo Silva admits that the Specific Property has the requisite nexus to the coercion and enticement, in violation of 18 U.S.C. § 2422(b), and the travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 2428 and 18 U.S.C. § 2253. Eduardo Silva agrees the Specific Property is subject to forfeiture as property, real or personal, used or intended to be used to commit or to facilitate the commission of the offenses in violation of 18 U.S.C. § 2422(b), and 18 U.S.C. § 2423(b).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of a preliminary order of forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

Eduardo Silva further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 2428 and 18 U.S.C. § 2253. Eduardo Silva agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Eduardo Silva has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Eduardo Silva further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the Government and the execution of necessary documentation.

Eduardo Silva waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Eduardo Silva consents to the entry of a Consent Judgment of Forfeiture that will be final as to Eduardo Silva prior to his sentencing. Eduardo Silva understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Eduardo Silva's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Eduardo Silva hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Eduardo Silva understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Eduardo Silva understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Eduardo

Silva wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Eduardo Silva understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Eduardo Silva waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

Eduardo Silva understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Eduardo Silva wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. Eduardo Silva understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Eduardo Silva waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

Eduardo Silva has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Eduardo Silva resides; where he is an employee; and where he is a student. Eduardo Silva understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Eduardo Silva further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Eduardo Silva has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount

of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Eduardo Silva. This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceeding against Eduardo Silva.

No provision of this agreement shall preclude Eduardo Silva from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Eduardo Silva received constitutionally ineffective assistance of counsel.

**[NEXT PAGE]**

## No Other Promises

This agreement constitutes the plea agreement between Eduardo Silva and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By:   RAY A. MATEO
Assistant U.S. Attorney

APPROVED:

J. BRENDAN DAY
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Office

8

I have had this plea agreement read to me. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Eduardo Silva by Brian P. Reilly*      Date: 3/18/2021
EDUARDO SILVA

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Brian P. Reilly*      Date: 3/18/2021
BRIAN P. REILLY, ESQ.
Counsel to Defendant Eduardo Silva

9

## Plea Agreement with Eduardo Silva

## Schedule A

1. This Office and Eduardo Silva recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Eduardo Silva nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

## Count One
## (Coercion and Enticement)

3. The applicable guideline for the first offense of conviction—coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b)—is U.S.S.G. § 2G1.3(a)(3), which carries a Base Offense Level of 28.

4. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(3) applies because Eduardo Silva used a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. This Specific Offense Characteristic results in an increase of 2 levels.

5. The Total Offense Level for Count One is 30.

## Count Two
## (Travel with the Intent to Engage in Illicit Sexual Conduct)

6. The applicable guideline for the second offense of conviction—travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b)—is U.S.S.G. § 2G1.3(a)(4), which carries a Base Offense Level of 24.

7. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(3) applies because Eduardo Silva used a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. This Specific Offense Characteristic results in an increase of 2 levels.

8. The Total Offense Level for Count Two is 26.

## Grouping

9. The offenses in Counts One and Two shall be grouped together into a single Group, pursuant to U.S.S.G. § 3D1.2.

10. Accordingly, the combined Offense Level is 30.

### Application of U.S.S.G. § 4B1.5

11. U.S.S.G. § 4B1.5(a) applies because Eduardo Silva's offenses of conviction are covered sex crimes; §4B1.1 (Career Offender) does not apply; and Eduardo Silva committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction. This results in a Total Offense Level of 37 and a Criminal History Category of V.

### Acceptance of Responsibility

12. As of the date of this letter, Eduardo Silva has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Eduardo Silva's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, Eduardo Silva has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Eduardo Silva's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Eduardo Silva enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Eduardo Silva's acceptance of responsibility has continued through the date of sentencing and Eduardo Silva therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Eduardo Silva's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Eduardo Silva is 34 (the "agreed total Guidelines offense level").

15. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties agree that Eduardo Silva may move for a downward variance, in accordance with the holding of *United States v. Booker*, 543 U.S. 220 (2005), except that Eduardo Silva may in no event seek a sentence of fewer than 180 months' imprisonment. This Office reserves the right to oppose any such request for a variance.

11

16.    Eduardo Silva knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

12

## **Plea Agreement with Eduardo Silva**

### **Schedule B**

Eduardo Silva agrees to forfeit and consents to the destruction of the following items, which belonged to Eduardo Silva and were recovered on the date of his arrest, on or about September 23, 2020:

1. A LG cellular phone;

2. A TCL cellular phone; and

3. A ZTE cellular phone with a 64GB microSD card.

13